Ruffin. Judge.
There seems to he no doubt, that defects in judgments may be amended as to matters within the statutes,., after they are rendered, and even after *151 writ of error brought, or appeal had. There Seems to be as little doubt, that errors or defects in executions of a similar kind may be amended after they have been acted on, so as to make them correspond with the judgment. This is for the purpose of making the writ a good justification, where before it was not; although it thereby may bar an action of him, who has been imprisoned on it, or had his property sold under it, while in an imperfect state. Having this effect, the courts are always careful never to allow such amendments, but to answer the purposes of justice, and upon proper terms — as if the amendment be in the record after error brought, upon the payment of the costs of the writ of error, provided the plaintiff in error do not proceed further after the amendment. Instances of amending writs of execution for the purpose of supporting proceedings under them, are found in Laroche v. Wasbrough, (2 T. R. 737.) Newman v. Law, (5 Id. 577,) and Mowys v. Leake, (8 Id. 416, note a.)
Defects iii judgments may be amended even after a writ of error ,- and executions may also be amended after they have been acted on, so as to render them a justification to the officer where otherwise they would not be.
Judgments by-default, signed by the attorney without an actual adjudication by the court may be set aside at any time, even after the term at which they are entered.
Correlative to this power is that of setting aside all irregular process and proceedings. This has been often done -with respect to all parts of the proceedings, from the leading to the final process — the court taking care to exercise the power upon proper oases, and when applied for in due time, and before the irregularity has beeu cured by other steps taken in the cause. Office judgments, by which I mean those signed by the plaintiff in the course of the court, without any actual adjudication by the court, must necessarily be held to be under the future control of the court, when any thing improper is made to'appear in them. As to them, the authority of the courtis not restricted to the term in which they arc rendered ; for if if were, it would amount to no thing,since neither the court nor the defendant knows ofthematthattime. Strong examples of this sort are judgments taken for usurious debts upon warrants of attorney. And many other instances are given in Tidd’s Practice 614, of judgments by default being set aside for irregularity ; and among them, signing such a judgment before the appearance of the defendant, and before regular service of the process. Courts then have *152 this power, indeed it seems indispensable to the'administration os'justice, and tbe due regulation of the officers of the court.
After a judg-híuTbeen^seTa-side, another quire collaterally, whether it properly or not?
But it is said here, that the defendant appeared, and appearance .dispenses with a writ; and much more with the service of it. True, such is the effect of appearance; and if a court of error were passing upon the record of the suit in the County Court, in its original state, the judgment could not be reversed, because the defendant Bender did not appear to be in court. But that is not the question here. It is, whether that court is precluded from inquiry into the fact, whether he did appear or not, for the purpose of determining, whether or not the office judgment signed against him was regular. And upon that question there can be no doubt, as long as it is conceded, that a judgment may he set aside for irregularity 5 for that necessarily implies the capacity to ascertain, whether in fact the. irregularity was committed.
It would seem from an inspection of the record of the ;County Court, that there was no appearance by Bender: for at the very term, at which the attorney enters .his .appearance for the defendants, an alias capias is awarded against Bender, which shows that the. appearance was .for the other two.
But this court does not enter into that. This is not an appeal from the order setting aside the judgment. In this collateral way, the propriety of that order cannot he examined, unless it be absolutely void. It is not void ; for j?i proper cases, all courts can and ought to exercise that jurisdiction j and when they have done so, another court cannot, collaterally, disregard the act, unless the power be denied in all cases. Here, therefore, we do not inquire, whether the-County Court exercised its discretion properly in this particular case, hut whether that court possesses the power in any instance. If it does, then this must be taken to be proper, while it stands.
WhatiSjthe effect upon the present action, of the order of the County Court ? Very clearly it is, to prevent the defendant from justifying, under the judgment and execution. (Philips v. Biron, 1 Strange 509. King v. *153 Harrison, 15 East. 615.) It is the same thing, as if they never had existed. It is true, that it is now usual for the Court of King’s Bench to-restrain the-defendant from bringing an action of trespass, unless a strong case for damages he shown. (Tidd’s Pr. 1072.) But this is discretionary, and without an order, there is no bar; for the writ is put out. of the way. It forms, indeed, a justification for the sheriff) if it be not void upon its face; because he is no wise responsible for irregularity in the proceedings, unless .he joins in the plea of- the party. It is now usual' upon- setting aside proceedings for irregularity, to make an order of immediate restitution, instead of putting the injured party 'to his action, and to enforce such order by attachment. But the party has his action, unless restrained, and that was formerly the only method of redress. (Barker v. Norwood et al. 3 Wils. 368;)' Hero the- order did not-extend to that subject.
Per Curiamst — Judgment reverse®..